

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CARLOS ARMENTA-OLIVARIA,<br><br>Defendant. | 3:15-cr-00072-RCJ-VPC-1<br><br>ORDER |

A grand jury indicted Defendant Carlos Armenta-Olivaria (a.k.a. Daniel Angulo-Casas or Gerardo Ibarra) and three co-Defendants of various charges relating to a drug conspiracy. The Superseding Information charged Defendant with a single count of conspiracy to possess with intent to distribute at least 100 grams of a substance containing heroin in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(i) and 846. Defendant pled guilty to the charge pursuant to a plea agreement under which he waived he right to bring any motion under 28 U.S.C. § 2255, except non-waivable claims of ineffective assistance of counsel. The Court accepted the guilty plea and sentenced Defendant to 57 months of imprisonment, to be followed by 5 years of supervised release. Defendant has now filed a habeas corpus motion under § 2255.

In Ground I (continued under "Ground II" on the motion form), Defendant claims trial counsel promised he would receive a 46-month sentence if he signed the plea agreement. This argument is judicially estopped. In order to obtain the benefit of the plea bargain, Defendant swore under oath at the change-of-plea hearing that no one had made him any promises except those contained in the plea agreement, after the Court specifically admonished him that he had an obligation to tell the Court of any such promises.

In Ground II (listed under "Ground III" on the motion form), Defendant argues trial counsel was ineffective because he failed to challenge the inclusion of a prior misdemeanor in the presentence report. This argument is judicially estopped. Defendant indicated at the sentencing hearing that he had read and discussed the presentence report with trial counsel and had no objections to it apart from those argued at the hearing by trial counsel. In any case, the Probation Office calculated Defendant's criminal history category as I because there were no prior criminal convictions, so it does not appear the prior misdemeanor was counted against Defendant, in any case.

In Ground III (listed under "Ground IV" on the motion form), Defendant argues his limited understanding of English prevented him from understanding the proceedings. The Court rejects this claim. Defendant had an interpreter at all hearings, and he swore under oath at the change-of-plea hearing that he understood the Spanish translator. This claim is waived via the plea agreement, in any case. The remainder of this ground appears to duplicate Defendant's claim of an alleged promise of a lower sentence.

In Ground IV (listed as "Ground Five" on the motion form), Defendant again argues his attorney promised the Court would grant a downward departure or other reduction. Like Ground I, this argument is judicially estopped.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 189) is DENIED.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

IT IS SO ORDERED.

Dated this 30th day of August, 2017.

_____
ROBERT C. JONES
United States District Judge